FREDERICK HOLMAN, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 18, 1938—Decided January 13, 1939.

For the plaintiff-respondent, *Alexander F. Reid, Jr.* (*Louis Spielvogel,* of counsel).

For the defendant-appellant, *John C. Stockel.*

The opinion of the court was delivered by

PORTER, J. This is an action based upon a charge of negligence in the driving of an automobile by one Charles Karon who was employed by the Metropolitan Life Insurance Co.,

appellant. It was tried in the Supreme Court, Middlesex Circuit, and resulted in a verdict for $2,900 in favor of the plaintiff who had received personal injuries, and property damages.

We have concluded that the learned trial judge fell into error in his instructions to the jury with respect to the *quantum* of damages, which requires a reversal of the judgment.

The only facts necessary to recite for present purposes are that Karon while employed by the appellant was driving an automobile which collided with that owned and being driven by the respondent, causing injuries to respondent and damage to his automobile. On June 29th, 1934, suit was brought in the Supreme Court, Middlesex Circuit, against both Karon and the appellant, the complaint being precisely similar to that in the instant case. Karon did not answer that suit nor did he appear at the trial. The Metropolitan Life Insurance Co. did contest the suit and at the close of the plaintiff's case moved for a nonsuit which motion was granted. The case then proceeded against the absent and defaulting defendant Karon and resulted in a verdict against him for $2,900.

Thereafter, on April 25th, 1936, the instant suit was brought for the same cause of action, but against the appellant only.

The trial judge charged the jury inconsistently and incorrectly with respect to damages. He stated correctly, in effect, that if the verdict be for the plaintiff the measure of damages should be evaluated by a consideration of the extent and nature of the bodily injuries, pain, effect on health, expenses, loss of earnings and damage in the value of the broken automobile. Later on, however, he charged entirely contrary to the rules of damages already given and to the effect that damages, if any, should be in the amount of $2,900 because that matter had already been determined by a jury in the previously tried case. His language on this point being:

"Now, the way in which this case has been tried, without objection upon either side, has produced in evidence the fact that on a prior occasion and in this court Holman sued Karon for the damages arising out of this very transaction,

this same accident, and that the jury in that particular litigation, of which the Metropolitan Life Insurance Company wasn't a part, evaluated the damages sustained by Holman in the sum of $2,900. Because of the manner in which this case was tried and those facts are before you, it would seem to me, and I so charge you, that if you ultimately determine that Karon was acting on behalf of his master, in and about his master's business, and within the scope of his employment, then the judgment that you render should be $2,900, because the only responsibility of the Metropolitan Life Insurance Company is by virtue of the conduct of Karon, and his conduct has already been scrutinized, and a jury has determined the injury sustained by Holman to be the sum of $2,900."

The appellant had not had its day in court on the question of the plaintiff's injuries and the money damages resulting therefrom. That first suit had terminated as to it when the motion for nonsuit was granted. The subsequent judgment in that suit against Karon can have no effect whatsoever as to appellant. The doctrine of *res adjudicata* has no application.

Having reached this conclusion, it becomes unnecessary to discuss other points raised on the appeal.

The verdict under review will, therefore, be reversed, to the end that a *venire de novo* issue, costs to abide the event.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.